**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JIHAD WALI,

    Plaintiff,

vs.                                                Case No.  3:10-cv-526-J-34JRK

VISTAKON VISION CARE,

    Defendant.

_____/

**ORDER**[1]

**THIS CAUSE** is before the Court on the Report and Recommendation (Dkt. No. 7; Report), entered by the Honorable James R. Klindt, United States Magistrate Judge, on October 5, 2010.  In the Report, Magistrate Judge Klindt recommends that this case be dismissed without prejudice for failure to prosecute.  See Report at 3.  Plaintiff has failed to file objections to the Report, and the time for doing so has now passed.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b).  "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Rule 72(b), Federal Rules of Civil Procedure (Rule(s)), advisory committee's note (1983); see also Macort v. Prem, Inc., 208 Fed. Appx. 781, 784-85 (11th Cir. 2006) (per curiam).  Therefore, if no specific objections to findings of facts are filed, the district court  is not required to conduct a de novo review of

---

[1] This is a "written opinion" under § 205(a)(5) of the E-Government Act and therefore is available electronically.  However, it has been entered only to decide the issues addressed herein and is not intended for official publication or to serve as precedent.

those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993). However, the district court must review the legal conclusions in the report de novo. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at *1 (M.D. Fla. May 14, 2007); see also 28 U.S.C. § 636(b)(1).

The Court notes that since the filing of this action, all mail sent to Plaintiff from the Court has been returned as undeliverable. The Court has utilized the mailing address provided by Plaintiff for all mailings. This is also the address to which the Dismissal and Notice of Rights letter attached by Plaintiff to his Complaint was sent. On July 20, 2010, the Clerk's Office left a voice mail for Plaintiff advising him of his obligation to provide his correct address. When mail continued to be returned, on October 27, 2010, the Clerk's Office left another voice mail for Plaintiff at a different telephone number located within Court documents filed by him once again requesting that Plaintiff provide a current address. Despite these efforts, Plaintiff has failed to comply with his obligation to keep his contact information current. Additionally, Plaintiff has failed to file any notice or take any action in this case since the filing of the Complaint and Affidavit of Indigency filed on June 21, 2010.

Upon independent review of the file and for the reasons stated in the Magistrate Judge's Report, the Court will accept and adopt the legal and factual conclusions recommended by the Magistrate Judge.

In light of the foregoing, it is hereby

**ORDERED:**

1. The Magistrate Judge's Report and Recommendation (Dkt. No. 7) is **ADOPTED** as the opinion of the Court.

2. This case is **DISMISSED WITHOUT PREJUDICE**.

3. The Clerk of the Court is directed to enter judgment dismissing the case without prejudice, terminate any pending motions or deadlines as moot, and close this file.

**DONE AND ORDERED** at Jacksonville, Florida, this 29th day of November, 2010.

*[signature]*
**MARCIA MORALES HOWARD**
United States District Judge

ja
Copies to:
Counsel of Record
Pro Se Plaintiff